UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HALLMARK CAPITAL GROUP, LLC** <br> **d/b/a PAUL DAVIS RESTORATION OF** <br> **SOUTHWEST HOUSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-01324** |
| **6320 HAYNE BLVD., INC.** | **SECTION: "D" (4)** |

## ORDER

On August 3, 2007, the Court granted as unopposed a Motion to Compel Initial Disclosures and Discovery (R. Doc. 29), filed by the Plaintiff. (R. Doc. 31.) In the motion, the Plaintiff sought the award of reasonable attorney's fees and costs associated with the motion. Thus, the Court also ordered the Plaintiff to file a motion to fix attorney's fees into the record. Thereafter, the Plaintiff filed **Motion to Fix Attorney's Fees (R. Doc. 32)** and attached an affidavit and redacted invoice for services rendered by the Plaintiff's counsel, Lee M. Peacocke ("Peacocke"). The Defendant did not file an opposition to Hallmark's motion.

In total, the Plaintiff seeks the recovery of $270.00 in attorney's fees. According to the affidavit submitted by Peacocke, he expended 2 hours on the motion, at a rate of $135.00 an hour, for a resulting total of $270.00. The Plaintiff did not provide documentation for any costs expended, therefore, the Court will not award costs in connection with the motion.

### I.     Standard of Review

The lodestar equals "the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar is presumptively correct and should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.    Analysis**

    **A.    Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, the Plaintiff seeks the recovery of $270.00 in attorney's fees for 2 hours of work on the motion, at an hourly rate of $135.00. In support of the hourly rate, the Plaintiff submits an affidavit of its attorney, Peacocke. According to Peacocke's affidavit, he received his Juris Doctorate from the University of Mississippi, School of Law and has been a good standing member of the bar for twenty years. (R. Doc. 32-3, Ex. A.) Furthermore, he has been involved in discovery disputes before the United States District Court for the Eastern District of Louisiana during his twenty years of practice. (R. Doc. 32-3, Ex. A.)

Peacocke asserts that his hourly billing rate is $135.00 an hour, which he alleges is commensurate with or below rates charged in similar cases by local attorneys with similar

experience, skill, and reputation.  (R. Doc. 32-3, Ex. A.)  However, he provides no information regarding the rates actually billed and paid in similar lawsuits.  Nevertheless, his rate of $135.00 an hour is uncontested by the Defendant and is within the range of prevailing market rates.  Therefore, the rate sought is *prima facie* reasonable.  *See La. Power and Light*, 50 F.3d at 328.

### B.     Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."  *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards.  *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.  *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).  Hours that are not properly billed to one's client also are not properly billed to one's adversary.  *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.  *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Peacocke's billing statement for the legal services he provided in conjunction with the subject motion does not mention any hours expended but not billed to the client.  It is therefore presumed that Peacocke did not exercise billing judgment.  However, as indicated by the above case law, the Court may also conduct a line-by-line analysis of Peacocke's billing statement.

Peacocke indicates that he spent a total of 2 hours on the motion to compel. Specifically, he itemizes (1) 0.4 hours for his preparation of the motion and the notice of hearing, (2) 0.3 hours for his review of the case file, (3) 0.9 hours for his preparation of the memorandum in support of the motion, and (4) 0.4 hours in finalizing the motion and the supporting documents. After conducting a line-by-line analysis of Peacocke's billing invoice, the Court concludes that the time he reported was reasonably expended. Specifically, considering Peacocke's 20 years of legal experience and the complexity of the motion, the Court finds that the 2 hours spent in preparing the motion is not excessive. Therefore, the Court awards Peacocke fees for a total of 2 hours, for his time spent on the above-mentioned motion and associated parts.

### C.     Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

Here, the Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure in this case.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Fix Attorney's Fees (R. Doc. 32)** is **GRANTED**. The Court finds that a total fee of $270.00 is reasonable in the matter here.

**IT IS FURTHER ORDERED** that the Defendant pay the Plaintiff within 20 days of the

signing of this Order.

New Orleans, Louisiana, this ___30th___ day of November 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**